UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

MILLIE BRADLEY, on behalf of herself       )
and all others similarly situated,         )
                                           )
        Plaintiff,                         )
                                           )
    v.                                     )        CIVIL NO. 2:14cv204
                                           )
THE ARC OF NORTHWEST INDIANA,              )
INC.,                                      )
                                           )
        Defendant.                         )

OPINION AND ORDER

This matter is before the court on a "Motion to Certify as a Collective Action", filed by

the Plaintiff, Millie Bradley ("Bradley"), on January 12, 2015. The Defendant, The Arc of

Northwest Indiana ("Arc" or "Company"), filed its response on March 12, 2015, to which

Bradley replied on March 26, 2015.

For the following reasons, the motion will be denied.

Discussion

Bradley alleges that Arc violated certain provisions of the Fair Labor Standards Act

("FLSA"). Specifically, Bradley alleges failure to pay minimum wage under 29 U.S.C. § 206

(Count I) and failure to pay overtime wages under 29 U.S.C. § 207 (Count II), both respect to her

and to other employees. Bradley further seeks to have Count II certified as an "opt-in" collective

action under 29 U.S.C. § 216(b), and to prosecute Count II on behalf of herself and others

similarly situated.

Bradley worked for Arc between 2009 and 2013. Clara Brown, the other affiant for this

motion, worked for Arc between 1999 and 2013. Both Bradley and Brown testified that during

their employment with Arc they regularly worked more than forty hours in a workweek, yet did not receive wages of at least one and one-half times their regular rate of pay for hours worked in excess of forty hours per workweek.  Brown testified that in 2012 and 2013, she had to work overnight, in excess of forty hours per workweek, yet was not compensated for those hours.

Bradley testified that in addition to herself and Brown, Jackie Benson and Beata Green also complained that Arc failed to pay them at the required overtime rate.  Brown also testified that Benson made these complaints.  Both Bradley and Brown testified that they complained to their supervisors about their failure to receive proper wages, and both stated that Arc attempted to correct the shortcoming by crediting Bradley and Brown for the hours they worked in other pay periods when they did not work those hours.  Both Bradley and Brown testified that despite this "time shifting", Arc failed to pay them the correct amount they were owed.

Bradley states that the potential collective action is limited to hourly employees who worked for Arc at its facility at 2901 Beverly Drive, Gary, Indiana, during Bradley's period of employment with Arc from 2009 to 2013.

Arc has provided a more detailed factual background as follows.  Arc, located in Gary, Indiana, is a nonprofit entity which provides services to those individuals with intellectual and developmental disabilities. Arc currently employs approximately 184 hourly and salaried workers.  Arc formerly operated a Residential Program wherein its clients would live at the residence – owned by Arc – within Lake County, Indiana. In order to properly staff this Residential Program, Arc employees would provide care to the clients within the residential home until a designated time (usually 10:00 p.m.).  At the designated time, the Arc employee would then be "off-duty", (this is commonly referred to as "sleep time") yet remain in the

residential home. If a client woke during the night and required care, then the Arc employee would attend to the client's needs for the amount of time required to handle the situation and then return to being off-duty. If the Arc employee handled client needs during the designated sleep time, then the employee was responsible for notifying the Company of the amount of time worked and then the Company would compensate the employee for that time worked.

In order to facilitate employees notifying the Company of any hours worked, a phone and computer was placed in each residential home which employees could use to access Arc's timekeeping system and log any hours worked during the designated "sleep time". Bradley admitted that the residential home in which she worked had both a phone and a computer. [Arc Exhibit B: RFA Nos. 6 and 7].

Arc asserts that it paid overtime to its employees within the Residential Program when the employees notified the Company that they worked overtime. The Company provides a guide to employees on how to call in and call out using the time-keeping system. Arc paid for 36,114.65 hours of overtime worked by employees in the Residential Program in 2012. Arc paid for 37,851.83 hours of overtime worked by employees in the Residential Program in 2013. Arc discontinued its Residential Program on or about October 3, 2013.

Arc additionally notes that the Court provided the parties with the opportunity to conduct discovery related to conditional certification from October 16, 2014 to March 26, 2015. Bradley has not engaged in any such discovery. Arc, however, served Requests for Admission, Interrogatories and Requests for Production of Documents to Bradley on December 9, 2014. On January 8, 2015, Bradley served her responses to Requests for Admission. On February 24, 2015, Bradley served responses to Interrogatories and Requests for Production of Documents.

The FLSA allows an employee to maintain a collective action "for and on behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). Because the FLSA does not explain what it means to be "similarly situated," many federal courts have adopted a two-step approach to fill the gap. *Allen v. The Payday Loan Store of Indiana, Inc.*, 2013 U.S. Dist. LEXIS 169971, at *3 (N.D. Ind. Dec. 3, 2013)(Lee, J.) ; *Boyd,* 2011 U.S. Dist. LEXIS 88656, *10. Under this approach, a plaintiff is required at the first step "to make a modest factual showing that he and the other employees to whom notice is to be sent were victims of a common policy or plan that violated the law." *Allen*, 2013 U.S. Dist. LEXIS 169971, *3 (internal citations and quotations omitted). When broken down, this first step has two parts: (1) a factual showing that others want to join the action; and (2) a factual showing that a common policy or plan violates the FLSA. If the plaintiff meets that burden, the court may authorize that notice be sent to putative class members to determine whether they want to "opt in" to the action. *Id*. at *3-4. The second step occurs at the close of discovery. At that time, "a defendant can move to dismiss the opt-in plaintiffs in light of the record developed during discovery." *Id*. at *4.

The "modest factual showing" required at the first step of the proceedings may be lenient, but it is "not a mere formality." *Allen*, 2013 U.S. Dist. LEXIS 169971 (citing *Biddings v. Lake County*, No. 2:09-CV-38-PRC, 2009 U.S. Dist. LEXIS 61486, 2009 WL 2175584, at *2 (N.D. Ind. July 15, 2009)). Indeed, this Court has held as follows:

> "[A] court will not certify based on plaintiffs' say-so alone." *Hadley v. Journal Broadcast Grp. Inc.*, No. 11-C-147, 2012 U.S. Dist. LEXIS 19452, *1 (E.D. Wis. Feb. 16, 2012). Instead, to meet their burden, Plaintiffs must provide evidence via "an affidavit, declaration, or other support beyond allegations in order to make a minimal showing of other similarly situated employees subjected to a common policy." *Biddings,* 2009 U.S. Dist. LEXIS 61486, 2009 WL 2175584, at *3 (citation omitted). Once proffered, an affidavit is still subject to scrutiny. Where a

court is provided with evidence contradicting a plaintiff's claims, the court "will not 'stick its head in the sand' and ignore that evidence." *See Hawkins v. Alorica*, 287 F.R.D. 431, 441 (S.D. Ind. 2012). Indeed, "it would be a waste of the Court's and the litigants' time and resources to notify a large and diverse class only to later determine that the matter should not proceed as a class action because the class members are not similarly situated." *Id.* (citation omitted).

*Allen*, 2013 U.S. Dist. LEXIS 169971, at *4-5 (Lee, J.)  In *Allen,* this Court elaborated as follows:

> To meet their burden, Plaintiffs "may not avoid the requirement of demonstrating to the Court a modest factual showing of support for their claim that they and the putative class were subject to a common unlawful practice by vague assertions that they 'understood' this to be true." *Adair v. Wis. Bell, Inc.*, No. 8-C-280, 2008 U.S. Dist. LEXIS 68942, 2008 WL 4224360, at *10 (E.D. Wis. Sept. 11, 2008). [I]f declarations in support of conditional certification are not required to be more probative than 'bare allegations . .. the requirement of factual support would be superfluous.'" *Id.* (citation omitted). Rather, "to warrant a finding that similarly situated employees exist, a plaintiff's declaration must at least allege facts sufficient to support an inference that she has actual knowledge about other employees [sic] job duties, pay structures, hours worked, and whether they were paid for overtime hours." *O'Neal v. Emery Fed. Credit Union*, No. 1:13-cv-22, 2013 U.S. Dist. LEXIS 110383, 2013 WL 4013167, at *8 (S.D. Ohio Aug. 6, 2013) . . . (disallowing conditional certification where plaintiffs lacked personal knowledge of their peers' employment experiences).

*Allen*, 2013 U.S. Dist. LEXIS 16997, at 18-19

Arc argues that Bradley fails to identify a common or uniform policy.  Arc asserts that it has an actual written policy that follows the FLSA. Moreover, the Arc provided the employees of the Residential Program with written documents on how to utilize the system to maintain accurate hours when at the residences. Arc claims that Bradley ignores this policy and fails to even draw the Court's attention to it. Instead, Bradley relies on her own bald statements saying that she and others worked overtime without compensation. Arc maintains that Bradley's affidavit allegations cannot establish a common policy or practice of violating the FLSA.

Arc contends that Bradley neither alleges a "common" or "uniform" policy, nor provides any specific detail, as required. Rather, the affidavits of Bradley and Brown offer little more than vague allegations asserting that they worked overtime, sometimes, without being compensated and complained about not receiving overtime pay. To meet her burden, Bradley "may not avoid the requirement of demonstrating to the Court a modest factual showing of support for [her] claim that [she] and the putative class where subject to a common unlawful policy by vague assertions that they 'understood' this to be true." *Adair*, 2008 U.S. Dist. LEXIS 68942, *9-10. Indeed, "if declarations in support of conditional certification are not required to be more probative than 'bare allegations . . . the requirement of factual support would be superfluous.'" *Id.* (citation omitted).

Arc notes that numerous decisions demonstrate that Bradley has failed to come close to the required showing for conditional certification. For example, in the decision by this Court denying conditional certification in *Allen v. The Payday Loan Store Of Indiana, Inc.*, plaintiffs sought conditional certification of a group of employees at several locations, alleging that employees were forced to work "off the clock." Several plaintiffs signed declarations in support of the motion. The court noted that a conditional certification motion requires analysis of the "core questions" of *"whether the plaintiffs have provided substantial allegations and shown victims of a single decision, policy, or plan."* 2013 U.S. Dist. LEXIS 169971 *23. This Court in *Allen* found plaintiffs' declarations insufficient and denied conditional certification:

> While the Plaintiffs generally allege that they and the putative plaintiffs were required to do a variety of tasks 'off the clock', there is no substantive allegation as to which employee, if any, was required to do which task and when. Such vagueness cannot support a class certification…Likewise, the Plaintiffs' allegations with respect to the 'single decision, policy, or plan' is vague.

> According to the Plaintiffs, the putative plaintiffs are PLS employees 'who have not been paid for all hours worked.' There is no showing that this was the result of a 'single decision, policy, or plan.'

*Id.,* *23-24 . In the present case, the two affidavits submitted by Bradley are clearly insufficient to meet the "modest factual showing" standard needed to justify a decision to conditionally certify a class. As noted, "[A] court will not certify a class based on the plaintiffs' say-so alone." *Hadley v. Journal Broad Group, Inc.*, 2012 U.S. Dist. LEXIS 19452, *3 (E.D. Wis. Feb. 16, 2012)*. Rather, a plaintiff must provide evidence via "an affidavit, declaration, or other support beyond allegations in order to make a minimal showing of other similarly situated employees subjected to a common policy." *Allen*, 2013 U.S. Dist. LEXIS 169971, *4 (internal citations and quotations omitted). "Although the plaintiffs need not show that their situations are identical to justify proceeding as a collective action, they must do more than simply claim that [Defendant] violated the FLSA by denying them all overtime pay." *Blakes v. Ill. Bell Tel. Co.*, 2013 U.S. Dist. LEXIS 176496 at *36 (N.D. Ill. Dec. 17, 2013) (emphasis added). Once proffered, an affidavit is subject to scrutiny, and "bare assertions" lacking any substantive detail are insufficient for a plaintiff to meet his or her burden. *Id*. at *4, *19-20. Federal courts within this circuit and beyond have repeatedly declined collective action certification where, like here, a plaintiff's assertions are conclusory or lack an evidentiary foundation. Put another way, "[u]nless defendant admits in its answer or briefs that other similarly situated employees exist, plaintiffs cannot rely on their allegations alone to make the required [showing for conditional certification]." *Boyd v. Alutiiq Global Solutions, LLC,* 2011 U.S. Dist. LEXIS 88656, *10 (N.D. Ill. Aug. 8, 2011); *see also Scott v. NOW Courier, Inc.,* 2012 U.S. Dist. LEXIS 43710, *32 (S.D. Ind. Mar. 29, 2012) (Barker, J.) (denying certification where plaintiff failed to make "required showing" that the

plaintiff and others were "similarly situated"); *Allen,* 2013 U.S. Dist. LEXIS 169971, *4.

When applying this body of law to the two affidavits submitted by Bradley, it becomes clear that her submission is inadequate to support conditional certification. Bradley makes no substantive allegation as to what tasks were performed "off the clock" or when such tasks were done. Bradley furthermore identifies no specific "single decision, policy, or plan" and merely alleges, as did the plaintiffs in *Allen*, that she has not been paid for all of the overtime that she worked (though she has been paid for some overtime). This Court in *Allen* denied conditional certification in such circumstances. Moreover, Bradley's own submissions undercut her assertion that there is an unlawful "uniform policy." The affidavits of Bradley and Brown – the only evidence submitted – states that they received overtime compensation for some of the hours they worked beyond forty for some of the weeks worked. [Dkts. ##16-1, 16-2].

This Court found a similar allegation to be fatally vague in *Scott v. NOW Courier, Inc.,* 2012 U.S. Dist. LEXIS 43710: "Plaintiffs' terminology in asserting that all drivers were required 'at least occasionally (to) work…for more than 40 hours per week without overtime pay' and 'at least on some occasions earned less than minimum wage,' and primarily earned compensation for either or both routed or on-demand work' is telling in its vagueness and lack of specificity." *Id.,* *31. In *Scott*, much like here, the plaintiffs contend that they were paid for some of the overtime that they worked. And, much like in *Scott*, the affidavit allegations were fatally vague.

Next, Arc contends that conclusory allegations relating to "others" is insufficient.  Arc argues that Bradley's allegation that two other employees (who did not submit affidavits) and unnamed "others" were not paid all time worked is unsupported and, therefore, insufficient to establish that conditional certification is appropriate in this case. *Boyd v. Alutiiq Global*

*Solutions,* 2011 U.S. Dist. LEXIS 88656, is particularly instructive. In *Boyd*, former employees alleged they were not paid overtime for all hours worked in excess of forty per week, as does Bradley here. The company in *Boyd* allegedly told plaintiffs that they could not include more than forty hours on their timesheets no matter how many hours they worked, and disciplined plaintiffs when they reported unapproved overtime. The *Boyd* plaintiffs supported their complaint allegations with declarations from four employees, who stated that – based on conversations they had with other employees – defendant's practice was consistent among all employees. The court rejected this evidence as inadmissible hearsay and noted:

> At best, those declarations establish that four employees at the same location were told that [the employer] does not pay overtime and that no more than three of those former employees determined that [the company's] pay practices are 'consistent' with other locations after talking to unidentified employees...Plaintiffs do not identify to whom they spoke, when those conversations occurred, where they occurred, or what specifically was discussed that would lead them to conclude that pay practices were 'consistent.' Nor is there any evidence that Plaintiffs' supervisors were acting in accordance with any global plan…

*Boyd,* \*17-18 (emphasis added). *See also Adair*, 2008 U.S. Dist. LEXIS 68942, \*9-10.

Courts have cited these same principles in cases seeking certification under both Rule 23 and 29 U.S.C. §216(b). As one court noted: "[T]he declarations consist largely of hearsay by declarants whose identities and status within defendants' hierarchy is not revealed beyond vague generalities." *Fernandez v. Wells Fargo Bank*, 2013 U.S. Dist. LEXIS 124692 at \*25 (S.D.N.Y. Aug. 17, 2013). "They identify none of the speakers or participants in these communications." *Id.* at \*24. "Nowhere in plaintiffs' papers do they cite a specific, concrete, management directive concerning plaintiffs' off-the-clock work or any purported requirement not to record hours worked…the representations in the individual plaintiffs' declarations do not attribute statements

concerning compensation to specific individuals. Limited, anecdotal evidence concerning a de facto compensation policy is insufficient to establish commonality." *Id*. at *16.

Arc points out that Bradley's two affidavits fail to identify the basic "who, what, where, and when" details required to meet the standard. Bradley fails to identify details to establish any "global" or common plan. Arc concludes, and this Court agrees, that Bradley's submission in this case of two exceedingly similar affidavits that provide virtually no substantive detail likewise are insufficient for supporting conditional certification. [Dkts. ##16-1, 16-2].

Yet another case on point is *Harris v. Reliable Reports, Inc.*, 2014 U.S. Dist. LEXIS 69899 (N.D. Ind. May 21, 2014). In *Harris*, plaintiff claimed that supervisors reduced the time he had reported, thereby avoiding overtime. Plaintiff submitted a declaration stating that he "believed" and "I know", based on his experience with the company, that other employees were subject to the same practice and procedure. The court held:

> With respect to factual support for the existence of a common policy or plan, Harris and Trotter say in their declarations only that they *believe* other field reps were subjected to the same pay practices and worked in excess of forty hours a week without receiving a minimum wage or overtime. But the only bases they cite for these beliefs are their own experiences. Their declarations are nothing more than their speculation that other field reps were treated the same way they were. They provide no facts to support these conclusions. That these two employees' supervisors might have refused to allow them to report all their hours worked does not support the existence of a company-wide policy toward all field reps that violates the FLSA.

*Id.,* *7-8. Likewise, in the present case, Bradley has baldly alleged that "other coworkers" worked more than forty hours without compensation. [Dkts. ##16-1, 16-2]. Clearly, such "evidence" is insufficient to support class certification under either standard. As in *Harris*, Bradley has failed to establish a company-wide policy which was instituted to deprive employees

of overtime pay in violation of the FLSA.

Bradley relies on *Boyd v. Jupiter Aluminum Corp.*, 2006 U.S. Dist. LEXIS 35654 (N.D. Ind. May 31, 2006), which granted conditional certification based upon three affidavits and then asserts that her two affidavits are also sufficient to grant conditional certification because the difference is "*de minimis.*" However, it is not just the number of affidavits that is important; rather, it is the substance that matters. *Boyd* is easily distinguishable. In *Boyd*, three named plaintiffs "each submitted a detailed affidavit" which specifically described the common policy of being instructed to be at their work stations before the start of their shifts. The *Boyd* plaintiffs also were forced to attend meetings for which they were not compensated. However, unlike in *Boyd*, in the present case Bradley has not submitted affidavit testimony of a common policy whereby Arc violated the FLSA. Rather, the Arc submitted affidavit testimony showing their compliance with the FLSA and that its policy required its employees to notify Arc when they worked overtime so that they could be compensated. Clearly, Bradley's reliance on the number of affidavits is a red herring, and when the substance of the affidavits is compared, it is apparent that Bradley's two affidavits are insufficient. Unlike the plaintiff in *Boyd*, Bradley has provided no specific evidence beyond the mere bald allegations of the complaint. As discussed extensively, *supra*, this undermines Bradley's request for conditional certification.

Bradley's motion fails for the additional reason that her evidence reveals that any claims in this matter would be highly individualized and not appropriate for a collective action. Arc explains that Bradley worked as a Level I Direct Service Professional ("DSP") from September 14, 2009 to October 3, 2013. [Arc Exhibit B: RFA Nos. 1-3]. Arc has three levels of employees:

- Level I is considered to be "part time (less than 30 hours." This means that a

11

Level I employee would be scheduled to work less than 30 hours per week and did not have a regular schedule. Level I employees were not eligible for benefits.

• Level II is considered to be a "part time (more than 30 hours)" position. This means that a Level II employee is scheduled to average less than 37.5 hours per week. These positions must have a minimum of 30 hours of regularly scheduled (core schedule) time per week. Level II employees were eligible for all benefits except holiday pay.

• Level III is considered to be a "full time" position. This means that the Level III employee that is scheduled to average 37.5 or more hours per week. Level III employees were eligible for all benefits including holiday pay.

[Leonhardt Aff. ¶¶ 6-9].

Arc explains that, as a Level I DSP, Bradley was considered to be a "part time" employee who did not have core scheduled hours. [*Id*.]. Conversely, Clara Brown – who also submitted an affidavit – was a Level II "part time (more than 30 hours)" employee who had "core hours". [*Id*.]. Jackie Benson and Beatta Green – who did not submit affidavits but were referenced in the Bradley and Brown affidavits – were Level III "full time" employees. [*Id*.]. Arc argues that these differences cannot be overlooked and that these differences are magnified when placed in the context of Bradley's affidavit which states that sometimes she received overtime pay and sometimes she did not.

Arc argues that the evidence shows that Bradley's overtime claim would require individualized attention and that Brown's claim would also require individualized attention, particularly in light of her different job classification which required her to work different hours than Bradley. Arc contends that the problem with the individualized nature of the claims is further compounded when Green and Benson are added to the mix because they also have a different job classification which required them to work more hours than both Bradley and

Brown. Arc concludes that the individualized claims further show that conditional certification is not appropriate in this case. While Bradley's affidavit lacks specific details, if credence were given to her unsubstantiated allegations, those allegations would be specific only to her own experiences at Arc given her job position. In her affidavit, Bradley states that sometimes she received overtime pay and sometimes she did not. This also supports Arc's position that Bradley's allegations will be individualized. Moreover, even assuming Bradley's unsubstantiated allegations are true, Bradley's claims would necessarily be individualized because they would depend on when her specific clients woke up requiring care on specific days in her specific house. It is clear that the alleged overtime hours worked could not be common amongst any other employees based upon the specific circumstances present in this case.

Accordingly, for all the foregoing reasons, Bradley's motion to certify as a collective action will be denied.

Conclusion

On the basis of the foregoing, Bradley's "Motion to certify as a Collective Action" [DE 15] is hereby DENIED.

Entered: May 11, 2015.

s/ William C.  Lee
William C. Lee, Judge
United States District Court